IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELISHA NICOLE HOLLOWAY | § § § | |
| VS. | § § | CIVIL NO. 4:25-CV-1128-P |
| BRYAN POLK, ET AL. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AS TO PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

On October 10, 2025, *pro se* Plaintiff Elisha Nicole Holloway ("Plaintiff") filed a document titled Emergency Petition for Injunctive and Constitutional Relief ("Motion"). In that Motion, Plaintiff requested this Court grant a temporary restraining order ("TRO") and preliminary injunction enjoining the enforcement of various orders relating to a state-court family law proceeding. At this time, no Defendant has been served; as such, this is an ex parte application for a TRO. *See* Fed. R. Civ. P. 65(b)(1). Having carefully reviewed the motion, the Court finds, concludes, and recommends that the motion be **DENIED** for the following reasons: (1) Plaintiff failed to comply with Federal Rule of Civil Procedure 65(b)(1) as required for the Court to issue a TRO without written or oral notice; (2) the Anti-Injunction Act prohibits an injunction in this case. *See* 28 U.S.C. § 2283.

Moreover, even assuming Plaintiff had complied with Rule 65(b)(1) to obtain a TRO, Plaintiff must also satisfy the following four requirements: (1) A substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D.

1

Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)). As stated above, Plaintiff is asking this Court to enjoin a state-court proceeding which the Anti-Injunction Act prohibits. 28 U.S.C. § 2283. There are only three exceptions to the Act's prohibition of enjoining state-court proceedings: (1) it has been "expressly authorized" by Congress, (2) it is "necessary in aid of" the federal court's jurisdiction, or (3) it serves to "protect or effectuate" the federal court's judgments. *Id.* Based on the Plaintiff's Motion, these exceptions do not apply to this case. Consequently, the Court also finds, concludes, and recommends that the motion be **DENIED** because there is no substantial likelihood of success on the merits.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 28, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED October 14, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3