UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELISHA николь HALLOWAY,**

   Plaintiff,

v.                                   No. 4:25-cv-1128-P

**BRYAN POLK, ET AL.,**

   Defendants.

## ORDER

On October 10, 2025, pro se Plaintiff Elisha Nicole Holloway ("Plaintiff") filed an Emergency Petition for Injunctive and Constitutional Relief ("Motion"). In Plaintiff's Motion, she requested the Court grant a temporary restraining order ("TRO") and preliminary injunction enjoining the enforcement of various orders relating to a state-court family law proceeding. The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on October 14, 2025. ECF No. 5. The FCR recommended that the motion be denied for the following reasons: (1) Plaintiff failed to comply with Federal Rule of Civil Procedure 65(b)(1) as required for the Court to issue a TRO without written or oral notice; (2) the Anti-Injunction Act prohibits an injunction in this case. *See* 28 U.S.C. § 2283; *See* ECF No. 5. Plaintiff then filed an Amended Emergency Motion in attempt to cure the deficiencies that the FCR highlighted. ECF No. 6. As a result, the Magistrate Judge's FCR along with Plaintiff's objections are **MOOTED** and the Court conducts a *de novo* review. After conducting its review, the Court orders that Plaintiff's Motion is **DENIED**.

## ANALYSIS

In her Amended Emergency Motion, Plaintiff has attempted to comply with Federal Rule of Civil Procedure 65(b)(1) by showing that she served the Original and Amended Emergency Motion on all Parties via email and that she made reasonable efforts to provide notice to the

Parties. However, even if the Court were to find that Plaintiff had complied with Rule 65(b)(1), Plaintiff must also satisfy the following four requirements: (1) A substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. 2 Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)). Here, none of the four requirements are met.

Further, as the Magistrate Judge explained in his now-moot FCR, Plaintiff seeks to enjoin a state-court proceeding, which the Anti-Injunction Act prohibits. 28 U.S.C. § 2283. The Act allows injunctions against state-court proceedings only if: (1) expressly authorized by Congress; (2) necessary in aid of the federal court's jurisdiction; or (3) needed to protect or effectuate the federal court's judgments. *Id.* None of these exceptions apply here.

But even if the Anti-Injunction Act does not apply to Plaintiff's Motion, the *Rooker-Feldman* doctrine still bars federal courts from adjudicating claims where the plaintiff seeks to overturn or modify a state-court judgment. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Indeed, in this case, it would be improper for the Court to interfere with or otherwise modify the enforcement of orders arising from the state-court family law proceeding. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (cleaned up) ("Reduced to its essence, the

*Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments").

Accordingly, the Court **DENIES** the Motion because there is no substantial likelihood of success on the merits.

## CONCLUSION

After reviewing the Motion *de novo*, the applicable law, and the docket, the Court **DENIES** the Motion.

**SO ORDERED** on this **21st day of October 2025.**

*[signature]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

3