IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELISHA HOLLOWAY, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:25-CV-1128-P |
| | § | |
| BRYAN POLK, ET AL. | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DESIGNATING PLAINTIFF AS A VEXATIOUS FILER

On October 10, 2025, *pro se* Plaintiff Elisha Holloway ("Holloway") filed a Complaint [doc. 1] against several Defendants in the above-styled and referenced case. From the Court's research, the instant case is Holloway's fifth cumulative case she has filed in or removed to this district since October 2023.[1]

| Case Number | Style | Date Filed/Removed | Date Closed | Disposition |
|---|---|---|---|---|
| 4:23-CV-963-O | *Revelstoke Venture, LLC v. Holloway* | 9/21/23 | 12/5/23 | Wrongly removed to this Court by Holloway [*see* doc. 9] and remanded to state court |
| 4:23-CV-1005-P | *Holloway v. Revelstoke Venture, LLC* | 10/3/23 | 11/8/23 | Dismissed *sua sponte* without prejudice for lack of subject-matter jurisdiction during the screening process under 28 U.S.C. § 1915(e) |
| 4:23-CV-1038-P | *Holloway v. Equifax, et al.* | 10/12/23 | 05/29/24 | Dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) |
| 4:25-CV-926-O (originally filed in the Dallas Division as case no. 3:25-CV-2288-X) | *Holloway v. Polk, et al.* | 08/26/25 | 10/08/25 | Dismissed without prejudice for failing to file Amended Mot. to Proceed IFP or the filing fee. |
| 4:25-CV-1128-P (this case) | *Holloway v. Polk, et al.* | 10/10/25 | Pending | An FCR issued this same day recommends dismissal pursuant to 28 USC § 1915(e) as being frivolous and/or failing to state a claim under Fed. R. Civ. P. 12(b)(6) |

---

[1] The Court notes that Holloway is also involved as a Plaintiff in the following two cases in this district that were removed to this Court by one or more Defendants: (1) 3:25-CV-1657-E, *Holloway v. RealPage Inc.* (pending) and (2) 3:25-CV-2817-N, *Holloway v. RentGrow Inc., et al.* (pending).

Courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. U.S.*, No. 3:09-CV-2260-K, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "'power to levy sanctions in response to abusive litigation practices.'" *Id.* "Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims." *Obama*, 2010 WL 668847, at *2 (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have cited the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that it is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file an action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented."[2] *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

Based upon Holloway's history of filing multiple cases that have all been disposed of pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e), and/or the Federal Rule of Civil Procedure 12(b)(6), or for failure to comply with court orders the undersigned **FINDS and CONCLUDES** that Holloway's litigation history[3] has risen to the prevalence and level of

---

[2] This Findings, Conclusions, and Recommendation will serve as notice to Plaintiff and provide Plaintiff with an opportunity to oppose such Recommendation prior to it being adopted by the District Court Judge.

[3] Holloway's litigation history includes multiple attempts to relitigate the same matters (*cf.* 4:23-cv-963-O to 4:23-cv-1005-P and 4:25-cv-926-O and 4:25-cv-1128-P), failing to follow the Court's orders, and repeated and continual filing of frivolous motions for a temporary restraining order ("TRO") and other superfluous documents. In this case alone, Holloway has filed three motions for TRO [docs. 1, 6, 25] since October 10, 2025.

harassment that existed in the cases cited above where sanctions were deemed appropriate. Holloway is hereby warned that sanctions may be imposed for any future abusive litigation practices. The Court would also direct that Holloway be required to obtain leave of court by motion before filing suit in this district.

Based on the foregoing, the Court **RECOMMENDS** that Holloway: (1) be declared a vexatious litigant; (2) be warned that monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature; (3) be ordered to obtain leave to court by filing a motion before she is permitted to file any additional complaints in this district or remove any cases to this district.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 13, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED October 30, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE