IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELISHA HOLLOWAY,<br>        Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 4:25-CV-1128-P |
| BRYAN POLK, ET AL.<br>        Defendants. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT

On October 28, 2025, *pro se* Plaintiff Elisha Holloway ("Holloway") filed a sixty-seven page Amended Complaint[1] [doc. 24] against Defendants Bryan Polk, Chrissy Tefera,[2] Honorable Lynn M. Johnson ("Judge Johnson"), and John Does 1-10.  In this rambling and confusing document, Plaintiff alleges claims for the following: (1) due process violations under the Fourteenth Amendment; (2) civil rights violations pursuant to 42 U.S.C. § 1983; (3) violations of Texas Property Code § 92.331 and 42 U.S.C. § 3617 for retaliation and housing interference; (4) violations of Texas Code of Criminal Procedure § 56.90 for "Breach of ACP Confidentiality;" and (5) intentional infliction of emotional distress.  (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 3 and doc. 24-1, pp. 2-3.)  Plaintiff, while claiming that her and her children are being harassed, intimidated, and unlawfully surveilled, fails to set forth any specific non-conclusory facts attributable to any named Defendant that support her claims.  Instead, Plaintiff makes general statements about continued harassment, interference, and procedural irregularities

---

[1] The Court notes that approximately twenty-nine of those pages are the Pro Se Handbook for Civil Suits for the United States District Court for the Northern District of Texas, which Plaintiff should not have included as a part of her Amended Complaint.

[2] The Court notes that Chrissy Tefera is misnamed as Christstachia Tefera on the docket as that is how Plaintiff listed this Defendant in her Original Complaint.

1

and vague references to other court proceedings. (*See*, *e.g.*, Pl.'s Am. Compl. at doc. 24-1, pp. 1-4.) In addition, Plaintiff states that "[o]ver ninety-two (92) incidents of interference, intimidation, and surveillance-like activity have been documents between September and October 2025, forming Exhibit M(3)" and attaches a document titled "Evidentiary Summary-Incident Log Analysis Report (September -October 2025)." (Pl.'s Am. Compl. at doc. 24-1, p. 1 and doc. 24-2, p. 19-25.) Plaintiff also attaches, *inter alia*, an email that references cause no. CIV-225-0486, which appears to be a case pending in Parker County. (Pl.'s Am. Compl. at 24-2, p. 6.) Later in her Amended Complaint, Holloway references past child support orders issued by the Office of the Attorney General of Texas and allegedly invalid orders and procedures relating to her receipt of child support. (Pl.'s Am. Compl. at 24-2, pp. 7-8.) In addition, Plaintiff attaches documents that appear to indicate that Defendant Bryan Polk is obligated to pay her child support and owes a balance of past due support. (Pl.'s Am. Compl. at 24-2, pp. 11-18.)

In an order dated October 24, 2025, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") [doc. 15]. Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

While Plaintiff appears to be suing multiple individuals that were involved in issues relating to her receiving child support, nowhere in Plaintiff's Amended Complaint does she articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's Amended Complaint lacks an arguable basis in law because the facts alleged are so unclear, confusing, and convoluted that they can only said to be "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted). Accordingly, the Court **FINDS and CONCLUDES** that this case should **DISMISSED**, *sua sponte*, for being frivolous as well as for failing to state a claim on which relief can be granted.[3] *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888-89 (5th Cir. 2021) (stating that a district court may dismiss a complaint for failure to state a claim *sua sponte* as long as the procedure is fair or as long as the plaintiff has alleged his best case).

Because she appears *pro se*, Holloway's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, however, Holloway has already been allowed to file an Amended Complaint. *See* Order Directing Plaintiff to File a Form Amended Complaint [doc. 22] (stating that, "[after reviewing the Complaint [doc. 1], the Court cannot ascertain whether Plaintiff has stated any claim upon which relief may be granted" and granting Plaintiff additional time to file an Amended Complaint). Thus, it is clear that Plaintiff has pled her best case, and no amount of liberal construction could manufacture a viable legal claim. *See Miller*, 986 F.3d at 888-89.

---

[3] Moreover, assuming Plaintiff is asking this Court to enjoin a state-court proceeding or overturn or modify a state-court judgment, such requests are prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, and the *Rooker-Feldman* doctrine, as explained in the Court's October 21, 2025, Order [doc. 10].

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 13, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 30, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE